**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES of AMERICA,**

v.    Criminal No. 2:06cr133

**ALESHA M. HUNT,**

      **Defendant.**

**OPINION & ORDER**

On January 29, 2007, the Court sentenced Defendant to a term of imprisonment outside of the advisory range provided by the United States Sentencing Guidelines ("Guidelines"). The Court imposed such a sentence for the reasons set forth herein.

On November 1, 2006, Defendant pled guilty to conspiring to possess and use a means of identification of another with the intent to commit unlawful activity, in violation of 18 U.S.C. § 1028(f). The object of this conspiracy was to violate 18 U.S.C. §§ 1028(a)(7) and to obtain property of an aggregate value of $1,000 or more over a one-year period, in violation of 18 U.S.C. § 1028(b)(1)(D). Under §§ 1028(a)(7) & 1028(b)(1)(D), Defendant faced a statutory maximum sentence of fifteen (15) years' confinement, a fine of not more than $250,000, and

supervised release for a term of not more than three (3) years.

Defendant's Presentence Investigation Report ("PSR") determined that Defendant had a criminal history of III and a total offense level of 21.[1] This resulted in an advisory Guidelines range of forty-six (46) to fifty-seven (57) months' confinement, an advisory range of two (2) to three (3) years' supervised release, a fine of $7,500 to $75,000, and a special assessment of $100. Defendant was also ordered to pay restitution of $226,537.78 to the victims of the offense.

### I. Legal Standard

The Court must fashion a sentence that is "sufficient, but not greater than necessary" to serve the sentencing factors set forth under 18 U.S.C. § 3553(a). United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). First, the Court must determine whether or not the sentencing range suggested by the advisory Guidelines serves these factors. See, e.g., United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). If the advisory Guidelines range does not serve these factors, then the Court should next consider whether a "traditional" upward or downward departure from the Guidelines would result in a sentence that does serve the § 3553(a) factors. Id. If the resulting sentence still does not serve the § 3553(a) factors, then the Court may impose a variance sentence, i.e., a sentence that does not fall within the advisory Guidelines range, provided that the variance sentence falls within any statutory limitations and "sufficient, but not greater than necessary, to comply with the purposes of [18 U.S.C. §] 3553(a)(2)." Davenport, 445 F.3d at 370 (citation omitted).

---

[1] Defendant objected to a two-level enhancement for reckless endangerment under § 3C1.2 of the Guidelines. The Government presented evidence that Defendant had led police on a high-speed chase through a residential neighborhood. The Court **HELD** that the Government had established, by a preponderance of the evidence, that an enhancement under § 3C1.2 was warranted.

## II. Discussion

At Defendant's sentencing hearing, the United States presented evidence from the case agent that after her arrest Defendant, unlike her co-conspirator, cooperated and gave accurate information.

The Court **HELD** that an advisory Guidelines range of 46-57 months' imprisonment did not serve the factors listed under 18 U.S.C. § 3553(a). The Court recognized the seriousness of the offense, in that when someone's identity is used for financial gain, it causes considerable problems for the victim of such an offense. However, the Court **FOUND** that the seriousness of this offense paled in comparison to the seriousness of what happened to Defendant as a child and as a teenager as set forth in the PSR. See PSR at ¶¶ 38-62. Defendant was a victim, and a victim of violence, well before she victimized anybody else. Id. Those who victimized her were never punished. Defendant is thirty (30) years old and has spent a third of her life in prison. The Court **FOUND** that, if given the chance, Defendant could lead a normal law abiding life. The Court also **FOUND** that Defendant is unlikely to commit further crime, especially a further crime of violence. Few persons have had a more difficult childhood than Defendant. Many youthful offenders receive suspended sentences; however, defendant's sentence was not suspended, and she was imprisoned before she was twenty years old for ten years. The Court **FOUND**, for the above reasons, that an advisory Guidelines range of 46-57 months' confinement was greater than necessary given the history and characteristics of the Defendant and was greater than necessary to promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, and protect the public from Defendant. See 18 U.S.C. § 3553(a)(1)-(2).

Taking the above considerations into account, the Court believed it to be appropriate to

reduce Defendant's total offense level from level 21 to level 15, which results in a sentencing range of 24 to 30 months' confinement. Given her substantial cooperation with the Government, a sentence at the low end of this range would be sufficient, and no greater than necessary, to serve the factors under 18 U.S.C. § 3553(a). Cf. Davenport, 445 F.3d at 370. The Court therefore **SENTENCED** Defendant to a term of twenty-four (24) months' confinement, to be followed by a term of three (3) years' supervised released. The Court **WAIVED** the applicable fine due to Defendant's inability to pay, but also **ORDERED** that Defendant pay $226,537.78 in restitution. This sentence reflects the nature and seriousness of the offense, appropriately reflects Defendant's history and characteristics, and is sufficient, but not greater than necessary, to promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, and to protect the public from Defendant. See 18 U.S.C. § 3553(a).

### III. Conclusion

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to counsel of record.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 9, 2007